GAIL SHIFMAN (State Bar No. 147334)
Law Office of Gail Shifman
2431 Fillmore Street
San Francisco, California 94115-1814
Telephone: (415) 551-1500
Email: gail@shifmangroup.com

Attorney for Defendant
SHAUKAT SHAMIM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SHAUKAT SHAMIM,<br><br>Defendant.<br>_____/ | NO.: 5:20-cv-04855 BLF<br><br>NOTICE OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND DECLARATION OF COUNSEL; PROOF OF SERVICE<br><br>Date: September 19, 2024<br>Time: 9:00 a.m.<br>Judge: The Hon. Beth Labson Freeman |

TO DEFENDANT, SHAUKAT SHAMIM, AND THE SECURITIES AND EXCHANGE COMMISSION, YOU PLUS, INC., AND THEIR ATTORNEYS OF RECORD:

NOTICE IS GIVEN that on September 19, 2024 at 9:00 a.m., or as soon as the matter may be heard before the Honorable Beth Labson Freeman, United States District Judge, Courtroom 1, of the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California, Gail Shifman, from the Law Office of Gail Shifman will move, and hereby does move, for an order allowing Counsel to withdraw from representing Defendant for good cause pursuant to Civ. Local Rule 11-5, and Rules 1.16(b)(4) and (5) of the Rules of Professional Conduct of the State Bar of California.  As explained herein, counsel requests a hearing as soon as practicable in this matter including the holding of a hearing before the assigned Magistrate Judge in this case if the Court so orders.

Counsel advises the Court that an ex parte hearing was held on May 23, 2022 before the Magistrate regarding counsel's motion to withdraw from representation in the criminal case, *United States v. Shaukat Shamim,* Case No. CR 22-00227 JD, (ECF 42) charging violations of 18 U.S.C. § 1343, Wire Fraud, and 15 U.S.C. §78j(b) and 78ff, Securities Fraud based upon the same facts underlying the Complaint in this case. Said motion to withdraw was granted and counsel was appointed to represent Mr. Shamim in the criminal case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL BACKGROUND

The SEC filed its complaint in this matter on July 20, 2020 (ECF 1) alleging that Defendants Shaukat Shamim and YouPlus, Inc. violated the antifraud provisions of the federal securities laws. A criminal complaint in a related case against Defendant Shamim was filed on July 17, 2020 in United States District Court, Northern District of California. *See United States v. Shaukat Shamim*, Case No. 3:22-cr-00227-CRB (ECF 1).

On March 11, 2021, the Parties in the above-captioned action stipulated to a stay of discovery "until resolution of the District Court criminal proceedings," at which time the Parties agreed that "the Parties and the Court will re-evaluate the need for civil discovery and the appropriate schedule." (ECF 29).

On March 12, 2021, this Court entered an Order that: (1) stayed discovery in the above-captioned action until further order of the Court; (2) kept the Pretrial Conference date of June 1, 2023 and trial date of July 24, 2023 on calendar; and (3) required the Parties to file a request for a status hearing "within 30 days after resolution of the District Court criminal proceeding." (ECF 30).

On March 23, 2023, the court in the related criminal action set a trial date of November 27, 2023. *United States v. Shaukat Shamim*, Case No. 3:22-cr-00227-CRB (ECF 69) that has been

continued a few times, currently set on October 15, 2024 (ECF 102).

On May 2, 2023, the Parties agreed that they would be prejudiced if not afforded an opportunity to conduct discovery before trial in this action and that the resolution of the related criminal action against Defendant Shamim may impact potential resolution of the above-captioned action. (ECF 32.) The parties here also agreed that good cause existed to vacate the pretrial and trial dates in this action and to file a request for a status hearing "within 30 days after resolution of the District Court criminal proceeding" against Mr. Shamim. *Id.*

On May 2, 2023, this Court vacated the pretrial and trial dates and ordered that the parties file a request for a status hearing within 30 days after resolution of the District Court criminal proceeding. (ECF 33.)

## II.

## LAW AND ARGUMENT

Pursuant to Local Rule 11-5, an "attorney who wishes to withdraw must file a motion to withdraw, showing good cause for allowing the attorney to withdraw." When evaluating such a motion, courts consider the following four factors: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am.*, *N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015). In conducting this analysis, courts apply the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008).

Rule 1.16 of the Rules of Professional Conduct of the State Bar of California provides the rules for terminating representation. Rule 1.16(b), in pertinent part, permits an attorney to withdraw if:

(4) The client renders it unreasonably difficult for the lawyer to carry out the

representation effectively;

(5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the reach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation.

**A. Withdrawal Is Appropriate Pursuant to Rule 1.16.**

In deciding whether to allow an attorney to withdraw, courts have considered 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua Wine Co., Inc. v. Moldauer*, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal.; January 14, 2009).

The specific facts which form the basis for counsel's request for permission to withdraw pursuant to Rule 1.16 are confidential and required to be kept confidential pursuant to California Business and Professions Code §6068(e), Rule 1.6 of the California Rules of Professional Conduct, and by the attorney-client privilege. *See* Cal. Evid. C., §§950 et seq. *See* Shifman Dec. Additional specific facts supporting counsel's withdrawal will be provided to the Court if requested (in which case an *in-camera* hearing will be requested). *Id.*

Mr. Shamim has been advised of counsel's request to seek withdrawal from representation of him in this case. Withdrawal from representation of a client is permitted for this reason. *See* Cal. R. Prof. Conduct 1.16 (b)(4).

Under the circumstances, counsel is unable to comply with her duties as required to effectively represent her client or comply with her duties to the Court. Both stated grounds are good cause for withdrawal.

As to the other factors, Counsel does not believe her withdrawal will prejudice any party,

harm the administration of justice, or unduly delay a potential resolution of the case given that discovery has been stayed and no pretrial or trial dates have been set.

## III.

## CONCLUSION

Therefore, Gail Shifman respectfully requests that this Court grant leave to withdraw as counsel in the above-captioned matter and enter an order stating that Counsel has so withdrawn.

Dated: July 31, 2024                                    Respectfully submitted,

*/s/ Gail Shifman*
_____
GAIL SHIFMAN
Attorney for Defendant
SHAUKAT SHAMIM

## DECLARATION OF GAIL SHIFMAN

I, Gail Shifman, declare as follows:

1.     I am an attorney licensed to practice in the state of California and before this Court. I represent Defendant Shaukat Shamim in this case. The facts stated in this Declaration are based on my personal knowledge. If called to testify, I could competently testify to such facts.

2.     The SEC filed its complaint in this matter on July 20, 2020 (ECF 1) alleging that Defendants Shaukat Shamim and YouPlus, Inc. violated the antifraud provisions of the federal securities laws.

3.     A criminal complaint in a related case against Defendant Shamim was filed on July 17, 2020 in United States District Court, Northern District of California. *See United States v. Shaukat Shamim*, Case No. 3:22-cr-00227-CRB (ECF 1).

4.     On March 11, 2021, the Parties in the above-captioned action stipulated to a stay of discovery "until resolution of the District Court criminal proceedings," at which time the Parties agreed that "the Parties and the Court will re-evaluate the need for civil discovery and the appropriate schedule." (ECF 29).

5.     On March 12, 2021, the Court entered an Order that: (1) stayed discovery in the above-captioned action until further order of the Court; (2) kept the Pretrial Conference date of June 1, 2023 and trial date of July 24, 2023 on calendar; and (3) required the Parties to file a request for a status hearing "within 30 days after resolution of the District Court criminal proceeding." (ECF 30).

6.     An ex parte hearing was held on May 23, 2022 regarding counsel's motion to withdraw from representation in the criminal case, *United States v. Shaukat Shamim,* Case No. CR 22-00227 JD, (ECF 42) charging violations of 18 U.S.C. § 1343, Wire Fraud, and 15 U.S.C. §78j(b) and 78ff, withdraw was granted and counsel was appointed to represent Mr. Shamim in the criminal case.

7.     On March 23, 2023, the court in the related criminal action set a trial date of November

27, 2023. *United States v. Shaukat Shamim*, Case No. 3:22-cr-00227-CRB (ECF 69).

8. On May 2, 2023, the Parties agreed that they would be prejudiced if not afforded an opportunity to conduct discovery before trial in this action and that the resolution of the related criminal action against Defendant Shamim may impact potential resolution of the above-captioned action. (ECF 32.) The parties here also agreed that good cause existed to vacate the pretrial and trial dates in this action and to file a request for a status hearing "within 30 days after resolution of the District Court criminal proceeding" against Mr. Shamim. *Id.*

9. On May 2, 2023, the Court vacated the pretrial and trial dates and ordered that the parties file a request for status hearing within 30 days after resolution of the District Court criminal proceeding. (ECF 33.)

10. Rule 1.16 (4) and (5) each apply here, and – both separately and collectively providing good cause for allowing the undersigned counsel to withdraw from representation. Additional specific facts supporting counsel's withdrawal will be provided to the Court if requested (in which case an *in-camera* hearing will be requested).

11. The undersigned does not believe that attorney's withdrawal will prejudice any party, harm the administration of justice, or unduly delay a potential resolution of the case. Discovery has been stayed and neither pretrial motion deadlines nor a trial date have been set.

12. On July 31, 2024, I notified all parties and Mr. Shamim of my intent to file a motion to withdraw as counsel of record. I earlier notified Mr. Shamim of my intent to do so on May 26, 2022.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was signed on July 31, 2024 in San Francisco, California.

*/s/ Gail Shifman*

_____
GAIL SHIFMAN

PROOF OF SERVICE

I, Gail Shifman, declare:

I am over the age of 18, employed in the County of San Francisco, CA, and not a party to the within action.

On today's date, I served the within document entitled:

NOTICE OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND DECLARATION OF COUNSEL; PROOF OF SERVICE; [PROPOSED] ORDER

(x) By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, CA, addressed as set forth below.

Shaukat Shamim, 2045 Kington Place, Santa Clara, CA 95051

(x) By electronically transmitting a true copy thereof;

Shaukat Shamim, sshamim@gmail.com;

All represented parties through counsel via ECF.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 31st day of July, 2024.

*/s/ Gail Shifman*

GAIL SHIFMAN