**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>YOUPLUS, INC., et al.,<br><br>Defendants. | Case No.  5:20-cv-04855-BLF<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL** |

Before the Court is counsel for Defendant Shaukat Shamim's Motion to Withdraw as Counsel. ECF No. 34. The Court finds that this Motion may be determined without oral argument. Civ. L.R. 7-1(b). Accordingly, the September 19, 2024, hearing is hereby VACATED. For the following reasons, the Court GRANTS the Motion to Withdraw as Counsel.

### I. BACKGROUND

On July 20, 2020, the SEC initiated this action against Defendants Shaukat Shamim ("Shamim") and YouPlus, Inc. ("YouPlus"). ECF No. 1. Each defendant filed an Answer on January 25, 2021. ECF Nos. 20 & 21. The Initial Case Management Conference took place on February 18, 2021. ECF No. 27. Thereafter, on March 12, 2021, the Court entered an Order staying all discovery in this matter pending resolution of a related criminal case, *United States v. Shaukat Shamim*, Case No. 3:22-cr-00227-JD-1 (N.D. Cal.). ECF No. 30. The Court subsequently entered an Order on May 2, 2023, granting the Parties' stipulation that the pretrial and trial dates in this matter should be vacated, and that the Parties should file a request for a status hearing "within 30 days after resolution of the District Court criminal proceeding" against Defendant Shaukat Shamim. ECF No. 33. Mr. Shamim's trial in the criminal proceeding is scheduled to commence on October 15, 2024. 3:22-cr-00227-JD-1 ECF No. 115.

1  On July 31, 2024, Mr. Shamim's counsel, Gail Shifman, filed a Motion to Withdraw as Counsel for Defendant. ECF No. 34. The Motion was accompanied by a Declaration noting that all parties were notified that same day of Counsel Shifman's intent to file a motion to withdraw. *Id.* at 7. Counsel Shifman had previously notified Mr. Shamim of her forthcoming motion to withdraw on May 26, 2022. *Id.* The SEC filed a response to Counsel Shifman's Motion on August 14, 2024, noting that it "t[ook] no position on defense counsel's motion." ECF No. 36. No response has been filed by Mr. Shamim.

## II. LEGAL STANDARD

"Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Withdrawal of counsel is governed by the State Bar of California's standards of professional conduct. *In re Pers. Web Techs., LLC et al., Pat. Litig.*, No. 18-MD-02834-BLF, 2022 WL 2290592, at *3 (N.D. Cal. June 24, 2022) (citation omitted). Accordingly, an attorney is required to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e)" before withdrawing. Cal. R. Prof. Conduct 1.16(d).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *In re Pers. Web Techs., LLC et al., Pat. Litig.*, 2022 WL 2290592, at *3 (citation omitted).

## III. DISCUSSION

The Court finds that Counsel Shifman has provided sufficient reasons to justify withdrawal as counsel. As the basis for the Motion, Ms. Shifman cites two provisions of California Rule of Professional Conduct 1.16, which permit withdrawal from a legal representation where "the client

. . . renders it unreasonably difficult for the lawyer to carry out the representation effectively," *id.* 1.16(b)(4), or where "the client breaches a material term of an agreement with . . . the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement," *id.* 1.16(b)(5). ECF No. 34 at 4, 7. Ms. Shifman identifies the fact that Mr. Shamim has been unresponsive to her communications, rendering her unable to effectively represent her client or fulfill her duties to the Court. ECF No. 37 ¶ 5. Ms. Shifman also warned Mr. Shamim over two years ago that he was in breach of the material terms of his agreement with his counsel, and that she intended to file a motion to withdraw. *Id.*

Furthermore, Ms. Shifman's withdrawal is unlikely to prejudice other litigants, harm the administration of justice, or delay resolution of the case. The Court notes that Plaintiff SEC does not oppose the motion to withdraw. *See* ECF No. 36. In addition, this suit remains at an early stage in the litigation: discovery in this matter has been stayed since shortly after the Initial Case Management Conference, *see* ECF Nos. 27 & 30, and the pretrial, trial, and dispositive motion hearing dates have all been vacated, ECF Nos. 31 & 33. The Parties will seek a status hearing "within 30 days after resolution of the District Court criminal proceeding," and the first date of that trial proceeding is still nearly two months away. *See* ECF No. 33. In short, Mr. Shamim has sufficient time to secure substitute representation before the proceedings in this matter re-commence. Counsel Shifman's Motion to Withdraw as Counsel is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: August 19, 2024

_____
BETH LABSON FREEMAN
United States District Judge